# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHANEL, INC., | |
| Plaintiff, | CIVIL ACTION NO. 3:04-CV-1540 |
| v. | (JUDGE CAPUTO) |
| THE JUPITER GROUP, INC., d/b/a TRIPLE A SECURITY PATROL and now d/b/a VECTOR SECURITY PATROL; and VECTOR SECURITY, INC., d/b/a TRIPLE A SECURITY PATROL, and DOES 1-10, | |
| Defendants and Third-Party Plaintiffs, | |
| GENCO I, INC., GENCO DISTRIBUTION SYSTEM, INC., and RICHARD M. LIMA, | |
| Third-Party Defendants, | |
| v. | |
| MICHAEL J. MOFFITT, | |
| Additional Defendant. | |

## **MEMORANDUM**

Presently before the Court is a Motion to Dismiss Genco I, Inc.'s and Genco Distribution System, Inc.'s Third Party Complaint Against Additional Defendant Michael J. Moffitt Pursuant to Rule 12(b)(6). (Doc. 58) Third-Party Defendants filed their brief in opposition to the Motion to Dismiss (Doc. 67) to which Mr. Moffitt replied (Doc.72).

For the reasons that follow, Mr. Moffitt's Motion to Dismiss (Doc. 58) will be granted in part and denied in part. The Court has ancillary jurisdiction over this matter.

**BACKGROUND**

Third-Party Defendants, Genco I, Inc. and Genco Distribution System, Inc.'s ("Gencos") filed their Third-Party Complaint against Additional Defendant, Michael J. Moffitt, on July 12, 2005.  (Doc. 47.)  Third-Party Defendants Gencos are corporations with their principal place of business in Pennsylvania.  (*Id.* at ¶ 3*.*)  Gencos are in the business of warehousing and "reverse logistics".  (*Id.* at ¶ 10.)  In 1997, Chanel and Gencos entered into a Return Center Operating Agreement (the "Return Center Agreement") under which Gencos agreed to establish and operate a return facility in Pittston Township, Luzerne County, Pennsylvania ("Return Facility").  (*Id.* at ¶ 12)  At the Return Facility, products distributed by Chanel ("Distributed Products") are received, inspected and reworked. (*Id.* at ¶ 13.)  After inspection, the Distributed Products were either restored to marketable conditions and shipped back to Chanel or destroyed.  (*Id.*)

In February 1999, Gencos entered into a contract with Third-Party Plaintiffs, Jupiter Group, Inc. ("Jupiter") and Vector Security, Inc. ("Vector"), for security services at the Return Center.  (*Id.* at ¶ 16.)  Among other services, Jupiter and Vector were to safeguard the Distributed Products and prevent any unauthorized removals of them from the facility.  (*Id.*)

Plaintiff Chanel alleges that from approximately October 2000 to May 2002, Mr. Moffitt, who was a manager of the Return Center (*Id.* at ¶ 15), and others improperly removed Distributed Products from the Return Center. (*Id.* at ¶ 17.)  Chanel further alleges that some of these Distributed Products were sold in flea markets in New Jersey, sales from which Mr. Moffitt and others profited.  (*Id.* at ¶ 18.)  Once Gencos learned of Mr. Moffitt's role in the improper removal of the Distributed Products, his employment was terminated on June 7,

2002 (retroactively effective as of May 31, 2002) . (*Id.* at ¶ 24.) Mr. Moffitt was charged with various crimes under the Pennsylvania state law to which he pled *nolo contendre.* (*Id.* at ¶ 25.)

Gencos allege that due to Mr. Moffitt's actions, Chanel has prematurely terminated the Return Center Agreement and has sued them for damages.  The early termination has allegedly subjected Gencos to costs in excess of $160,000 related to the closure of the Return Center. (*Id.* at ¶ 32)  Chanel is claiming to recover at least $9,500,000.00. (*Id.* at ¶ 34.) Furthermore, Third-Party Plaintiffs have filed a claim against Gencos for indemnity and contribution, if and to the extent that they are found liable to Chanel. (*Id.* at ¶ 36.)  Gencos, in turn, are suing Mr. Moffitt for the following: Count I - Indemnity/Contribution/Causal Fault Determination; Count II - Breach of Contract; and Count III - Breach of Duty of Good Faith and Fair Dealing. (*Id.* at 8-10.)

Mr. Moffitt filed a motion to dismiss Gencos' complaint.  He argues that his Rule 12(b)(6) motion to dismiss should be granted as: (1) Count I - Gencos' claim for indemnity, contribution and causal fault determination is barred by statute of limitations; (2) Count II - Gencos fail to state a claim for breach of contract; and (3) Count III - Gencos claim for breach of duty of good faith and fair dealing is not an action independent of a breach of contract claim.

This matter is now ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.

3

Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

**1.    Count I: Contribution/ Indemnity/ Causal Fault Determination**

Gencos seek contribution and/or indemnity from Mr. Moffitt in the event that Gencos are found liable to Third-Party Plaintiffs, for expenses, costs, attorney fees and all or part of the amount of judgment assessed against them by Plaintiff Chanel.  (Doc. 47 at ¶ 44)  Gencos allege that, during the period from October 2000 through May 31, 2002,  Mr. Moffitt has converted to his own use, certain products that were allegedly the property of Chanel or others.  (*Id.* at ¶ 41.)  Gencos contend that if they are found liable, they are entitled to recover from Mr. Moffitt.  (*Id.* at ¶ 37.)  Mr. Moffitt argues that Gencos' contribution and indemnity claims are barred by statute of limitations.  (Doc. 62 at 6.)  He also argues that even if the claims are not barred by the statute of limitations, they should still be dismissed.  He argues that the claim for contribution is barred because Gencos and Moffit are not joint tortfeasors and the claim for indemnification is barred because Gencos' liability is not secondary and no indemnification contract exists.  (*Id.*)  The Court disagrees.

    **a.    Statute of Limitations**

Mr. Moffitt argues that his alleged acts sound in tort but that Gencos brought this action over three years after the occurrence and discovery of his acts.  Thus, he argues that Gencos' claims are barred by the two year statute of limitations and must be dismissed.  The Court disagrees.  "It is well settled that a joint tort-feasor's right to contribution is distinct from the original action."  *Oviatt v. Automated Entrance Sys. Co., Inc.,* 400 Pa. Super. 493, 500 (1990).  Since the "rights and obligations of the defendants flow not from the tort, but from the judgement of settlement itself . . . the running of the statute of limitations on the

underlying tort claim does not preclude a defendant from pursuing a contribution action." *Id.* at 500-01 (citations omitted). In fact, since a contribution action is not specifically governed by law, "[t]he statute of limitations for a contribution action is statutorily governed by 42 Pa.C.S.A. § 5527, which provides that a six year period applies to all civil actions which are not subject to another limitation specified by statute." *Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Nicholson Constr. Co.,* 374 Pa. Super. 13, 19 (1988). The statute of limitation starts running from the time that entry of judgment against the joint tortfeasor is entered. *Id*.

The same holds true for indemnity claims. *Frangos v. Parker-Hannifin Corp.,* 860 F.2d 70, 74 n. (3d Cir. 1988) (opining that the claim for indemnity as being barred by the statute of limitations "is meritless because the six year statute of limitations period would not have begin to run until the time when [plaintiff] settled."); *Transp. Ins. Co. v. Spring-Del Assoc.,* 159 F. Supp. 2d 836, 840 (E.D. Pa. 2001) ("Under Pennsylvania law, a claim for indemnification does not fully accrue until payment is made to the injured party."); *Bridgestone/Firestone, Inc. v. Carr Tire and Rubber Co.,* No.90-7106, 1992 U.S. Dist. LEXIS 5851, at *8 (E.D. Pa. April 24, 1992) ("A cause of action for indemnity does not accrue 'until the indemnitee's liability is fixed by a judgment against, or payment in settlement by, the indemnitee.'"); *Thermo King Corp. v. Strick Corp.,* 467 F. Supp. 75, 77 (W.D. Pa. 1979) ("An indemnity claim does not accrue until the indemnitee's liability is fixed by a judgment against, or payment in settlement by, the indemnitee.").

As this case is still in its initial stages and neither a judgment nor a settlement has been entered, the statute of limitations period has not commenced. Thus, Gencos' claims for contribution and indemnity are certainly not time barred.

### b. Contribution or Indemnity

Mr. Moffitt argues that Gencos' claim for contribution should be dismissed as they have failed to identify Gencos and Mr. Moffitt as joint tortfeasors. (Doc.72 at 3.) Additionally, Mr. Moffit argues that Gencos' claim for indemnity should be dismissed as this is not a situation where defendant's liability is secondary or where an indemnification contract exists. (Doc. 62 at 7.) The Court disagrees. These claims will not be dismissed as Gencos have pled with enough particularity for the Court to infer that they might prevail on their claim for contribution or indemnity.

"[A] right to contribution arises only among joint tortfeasors." *Foulke v. Dugan*, 212 F.R.D. 265, 270 (E.D. Pa. 2002) (citing *Kemper Nat'l P & C Cos v. Smith*, 615 A.2d 372, 380 (Pa. Super. Ct. 1992)). Pennsylvania's Uniform Contribution Among Tortfeasors Act states that joint tortfeasors are "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." 42 PA. CONS. STAT. § 8322 (2005). "[T]wo actors are joint tortfeasors if their conduct 'causes a single harm which cannot be apportioned . . . even though [the actors] may have acted independently.'" *Rabatin v. Columbus Lines, Inc.,* 790 F.2d 22, 25 (3d Cir. 1986) (quoting *Capone v. Donovan*, 480 A.2d 1249, 1251 (Pa. Super. Ct. 1984)).

"Indemnity is available to those who are secondarily or vicariously liable from those who are primarily liable." *Svetz For Svetz v. Land Tool Co.*, 513 A.2d 403, 410 (Pa. Super. Ct. 1986). An important point to be noted "is that secondary as distinguished from primary liability rests on a fault that is imputed or constructive only, being based on some legal relation between the parties. . . ." *Builders Supply Co. v. McCabe*, 77 A.2d 368, 371 (Pa.

7

1951).  Gencos' Third Party Complaint can be construed to allege that Gencos and Mr. Moffitt are joint tortfeasors or that there exists primary negligence on the part of Mr. Moffitt.

The motion to dismiss Count I will therefore be denied.

**2.      Counts II & III: Breach of Contract and Breach of Good Faith and Fair Dealing**

**a.      Gencos Request for Affirmative Relief**

Gencos allege that Mr. Moffitt breached his contractual and implied duties to the Gencos.  They argue that because of this breach by Mr. Moffitt, Chanel prematurely terminated its agreement with the Gencos, which resulted in loss of profits and damages. Even though these two claims are independent of the claims brought against the Gencos, they are not procedurally barred.

Rule 14 of the Federal Rules of Civil Procedure, which governs third-party practice, permits a third-party plaintiff to implead "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a).  Generally an "entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it . . . arise[s] out of the same general set of facts as the main claim."  *Stiber v. United States*, 60 F.R.D. 668, 669 (E.D. Pa. 1973) (citing *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967)).

Rule 14, however, is complemented by Rule 18 of the Federal Rules of Civil Procedure which states that "[a] party asserting a claim to relief as . . . third-party claim, may join, either as independent or as alternate claims, as many claims . . . as the party has against an opposing party."  Fed. R. Civ. P. 18(a).  Hence, once the Gencos correctly

8

impleaded Mr. Moffitt under Rule 14(a), they were permitted to bring additional, independent claims against Mr. Moffitt under Rule 18.  *See McGee v. United States,* 62 F.R.D. 205,208 (E.D. Pa. 1972) ("[I]t is now clear that, as a matter of pleading, once a defendant has asserted a claim suitable for impleader under Rule 14(a), he may join with it any and all of his other claims against the third party defendant.").

This issue was decided by the Third Circuit Court of Appeals in 1971 in *Schwab v. Erie Lackawanna R.R. Co.,* 438 F.2d 62 (3d Cir. 1971) and since then been followed by other courts.  In that case, the court decided that  "Rule 14 must be read in conjunction with Rule 18(a), as amended, and read together, these two rules give the third-party plaintiff a proper procedural route for asserting his affirmative claim for damages."  *Schwab,* 438 F.2d at 71.   As long as the additional claims arise out the same transaction or occurrence as those alleged in the original complaints, ancillary jurisdiction allows such claims to be properly brought before the Court.  In coming to this conclusion, the Third Circuit Court of Appeals relied on different commentators and professors.  One of which the Court finds to be instructive:

> Thus defendant properly asserts a third-party claim against a third-party defendant.  On well-settled principles, this claim is treated as ancillary, and need not independently meet the tests of jurisdiction and venue. Under amended Rule 18(a), the original defendant may join with the claim for liability over any other claim which he has against the third-party defendant.  The joinder is proper as a matter of pleading.  If the additional claims arise out of the same transaction or occurrence as the claim for liability over – and thus, by hypothesis as the original claim of plaintiff against defendant – it would seem, by analogy to principles settled in other areas, that the additional claims too should be grated as ancillary for purposes of jurisdiction and venue.

9

*Id.* at 69 (citing Barron & Holtzoff, 1A Federal Practice and Procedure § 426, at 43-44 (Supp. 1969).); *see Brooks v. Hickman,* 101 F.R.D. 19, 20 (W.D. Pa. 1984) ("The definitive statement in this Circuit is contained in *Schwab v. Erie Lackawanna R.R. Co..* The Court held that a defendant who properly impleads a third-party defendant may assert a separate affirmative claim against him without an independent jurisdictional basis."); *see also Fidelity State Bank of Garden City v. McNeilus Truck and Mfg., Inc.,* No. 96-1253-JTM, 1997 U.S. Dist. LEXIS 11302, at *8 (D. Kansas July 7, 1997) ("[A] third party plaintiff bringing a non-sham Rule 14(a) claim against a fourth party defendant may bring ancillary claims under Rule 18(a).");*Tietz v. Blackner,* 157 F.R.D. 510, 512 (D. Utah 1994) ("Rule 18 does not allow joinder of parties but allows a party who has been properly joined to plead and assert all ancillary or other claims against other parties.")*.*

In the present case, Gencos seek damages arising out the same series of events as the original complaint. With this background, we now address Mr. Moffitt's motion to dismiss as to Counts II and III.

### b. Count II: Breach of Contract

Mr. Moffitt argues that Count II should be dismissed because Gencos has failed to properly plead a claim for breach of contract. More specifically, Mr. Moffitt argues that Gencos has failed to allege or demonstrate that there exists a contract between them or the essential terms of any such contract. (Doc. 58 at ¶ 24.) Mr. Moffitt further argues that it is a claim sounding in tort rather than in contracts. (*Id.* at ¶ 28.)

In order to survive a motion to dismiss, Plaintiff only need to plead the following: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages. *McAllister v. Royal Carribean Cruises, Ltd.,* No. 02-

cv-2393, 2003 U.S. Dist. LEXIS 24287, at *14 (E.D. Pa. Sept. 30, 2003) (citing *J.F. Walker Co. v. Excalibur Oil Group, Inc.,* 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002).

In their complaint, Gencos alleges an existence of a contract based on Mr. Moffitts employment as manager of the Return Center and as an employee, his duties to follow Gencos' policies, procedures and requirements.  (Doc. 47 at ¶ 30.)   While there is no mention of an actual employment agreement, oral agreement resulting from mutual assent of all aspect of an employment relationship is sufficient.  *Weisman v. Buckingham Township,* No. 04-cv-4719,  2005 U.S. Dist. LEXIS 11696, at * 25 (E.D. Pa. June 14, 2005) ("Evidence of mutual assent to employ and be employed which contains all the elements of a contract may be construed as a binding contract of employment though not reduce to writing.").

Gencos also allege that these duties were breached when Mr. Moffitt removed Distributed Products from the Return Center without authorization.  (*Id.*)   As a result of the alleged breaches, Gencos claim that they have suffered harm from the premature termination of the Return Center Agreement by Chanel.  Specifically, Gencos allege that the termination led to the closure of the Return Center resulting in $160,000 in damages.  (*Id.* at ¶ 50.)

Accordingly, Count II will not be dismissed.

    **c.**    **Count III: Breach of Good Faith and Fair Dealing**

Mr. Moffitt argues that Count III should be dismissed because a claim for breach of good faith and fair dealing are not independent causes of action but part of a breach of contract claim. (Doc. 58, ¶ 34.)  The Court agrees.

"Pennsylvania does not recognize a claim for breach of [the] covenant of good faith and fair dealing as an independent cause of action." *String v. Chandler Hall Health Svc., Inc.,*

11

Case 3:04-cv-01540-ARC   Document 107   Filed 06/27/06   Page 12 of 16

No.99-6218, 2000 U.S. Dist. LEXIS 3351, at 9 (E.D. Pa. Mar.20, 2000) (quoting *Seiple v. Cmty. Hosp. of Lancaster,* No. 97-8107, 1998 WL 175593, at *2 (E.D. Pa. April 14, 1998).); *McAllister,* 2003 U.S. Dist. LEXIS 24287, at *15 ("Pennsylvania does not recognize a separate cause of action for breach of implied covenant of good faith."); *see also Temple Univ. Hosp., Inc. v. Group Health, Inc.,* No. 05-102, 2006 U.S. Dist. LEXIS 1548, at *16 (E.D. Pa., Jan.12, 2006) (stating that breach of implied covenants of good faith and fair dealing is a breach of contract action.).

Nonetheless, Gencos argue that the claim for breach of good faith and fair dealing should not be dismissed as the claim under Count III relies on a different breach than that under Count II. (Doc.67 at 7) (citing to *Killian v. McCulloch,* 850 F. Supp. 1239, 1250 (E.D. Pa. 1994)). Both Counts II and III, however, are premised on Mr. Moffitt's breach of his duties as a manager of the Return Center resulting in the same alleged damages. *See King of Prussia Euip. Corp. v. Power Curbers, Inc.,* 158 F. Supp. 2d 463, 467 (E.D. Pa. May 3, 2001) (opining that since the action forming the plaintiff's breach of contract claim and its good faith and fair dealing claims are essentially the same, plaintiff cannot pursue both causes of action.) Furthermore, in allowing a claim for breach of good faith to survive dismissal, the court in *Killian* relied on *AAMCO Transmission, Inc. v. Harris,* 759 F. Supp. 1141 (E.D. Pa. 1991). *AAMCO* dealt with parties involved in a franchise agreement, which is an area of narrow exception to the general rule that breach of good faith and fair dealing are not recognized as independent claims in Pennsylvania. The Third Circuit Court of Appeals, in *Northview Motors, Inc. v. Chrysler Motors Corp.,* noted that "the courts have recognized an independent cause of action for breach of a duty of good faith and fair dealing only in very limited circumstances." 227 F.3d 78, 35 (3d Cir. 2000). Specifically, "the duty

12

is limited to insurers' dealings with insureds, franchisers' dealings with franchisees and other narrow situations." *Id.* (citing *Creeger Brick & Bldg. Supply, Inc. v. Mid-State Bank & Trust Co.,* 560 A.2d 151, 153-4 (Pa. Super. Ct. 1992)); *see also American Trade Partners v. Pegkar Int'l, Inc.,* No. 90-4204, 1991 U.S. Dist. LEXIS 11940, at *7 (E.D. Pa. Aug. 27, 1991) (stating that "a duty of good faith has been specifically recognized only in a few limited situations, such as franchisor/franchisee and insurer/insured.").

Furthermore, "[i]n the context of employment contracts, Pennslyvania law does not recognize a claim for breach of good faith and fair dealing as an independent cause of action which is separate from a breach of contract action." *Law v. Luzerne Intermediate Unit 18,* No.05-cv-2171, 2006 U.S. Dist. LEXIS 33479, at *5 (M.D. Pa. May 25, 2006); *see also String,* 2000 U.S. Dist. LEXIS 3351, at *9 (opining that "while there may be an express or implied covenant of good faith and fair dealing in an employment contract, a breach of such covenant is a breach of contract action, not an independent action for a breach of duty of good faith and fair dealing.") (quoting *Seiple,* 1998 WL 175593, at *2).

Count III will therefore be dismissed.

## CONCLUSION

The Court will deny the motion to dismiss as to Count I because the contribution and indemnity claims are not barred by the statute of limitations. The Court will deny the motion to dismiss as to Count II because the Gencos have sufficiently pled their breach of contract claim. The Court will grant the motion to dismiss as to Count III because there is no

independent cause of action as to that claim.

An appropriate order follows.

| | |
|---|---|
| June 27, 2006 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHANEL, INC., | |
|     Plaintiff, | CIVIL ACTION NO. 3:04-CV-1540 |
|     v. | (JUDGE CAPUTO) |
| THE JUPITER GROUP, INC., d/b/a TRIPLE A SECURITY PATROL and now d/b/a VECTOR SECURITY PATROL; and VECTOR SECURITY, INC., d/b/a TRIPLE A SECURITY PATROL, and DOES 1-10, | |
|     Defendants and Third-Party Plaintiffs, | |
| GENCO I, INC., GENCO DISTRIBUTION SYSTEM, INC., and RICHARD M. LIMA, | |
|     Third-Party Defendants, | |
|     v. | |
| MICHAEL J. MOFFITT, | |
|     Additional Defendant. | |

## **ORDER**

**NOW**, this 27th day of June, 2006, **IT IS HEREBY ORDERED** that Additional Defendants' Motion to Dismiss (Doc. 58) is **GRANTED in part** and **DENIED in part:**

The Motion to Dismiss is **GRANTED** as to Count III - Breach of Duty of Good Faith and Fair Dealing.

The Motion to Dismiss the following claims is **DENIED** as to:

    1.      Count I - Indemnity/Contribution/Causal Fault Determination and

    2.      Count II - Breach of Contract.

                                    /s/ A. Richard Caputo
                                    A. Richard Caputo
                                    United States District Judge