# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHANEL, INC., : | |
| : | |
| Plaintiff, : | NO: 3:04-CV-1540 |
| : | |
| v. : | (JUDGE CAPUTO) |
| : | |
| THE JUPITER GROUP, INC., d/b/a : | |
| TRIPLE A SECURITY PATROL and : | |
| now d/b/a VECTOR SECURITY : | |
| PATROL; and VECTOR SECURITY, : | |
| INC., d/b/a TRIPLE A SECURITY : | |
| PATROL, and DOES 1-10, : | |
| : | |
| Defendants and Third-Party : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| GENCO I, INC., GENCO : | |
| DISTRIBUTION SYSTEM, INC., and : | |
| RICHARD M. LIMA, : | |
| : | |
| Third-Party Defendants. : | |
| : | |
| v. : | |
| : | |
| MICHAEL J. MOFFITT, : | |
| : | |
| Additional Defendant : | |

## **MEMORANDUM**

Plaintiff moves for partial summary judgment on the basis that Genco is liable to it because Genco committed a material breach of the contract between the two as a matter of law; that Plaintiff performed according to the contract terms; and, that Plaintiff suffered damage.

Genco argues that summary judgment cannot be granted because whether there has been a material breach is not and cannot be a question of law. Rather, it argues it is a question of fact or at least a mixed question of law and fact. Genco also contends that Chanel did not suffer any damage because the goods which were stolen were slated for destruction and therefore had no value to Chanel. Lastly, Genco contends that any breach by it is excused because Chanel did not perform the contract by failing to follow the terms of the contract relating to termination subsequent to the theft.

## LEGAL STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *See id.* at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL

2

PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983).  The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case...." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party.  *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988).  Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law.  *See Anderson*, 477 U.S. at 256-57.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).  In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249.

**DISCUSSION**

The law of contracts provides that an actionable material breach occurs when 1) there is a contract between the parties; 2) there is consideration; 3) there is performance by the plaintiff; 4) there is a breach of the agreement which goes "to the root of the agreement between the parties" (*see Septembertide Pub., B.V. v. Stein and Day, Inc.,* 884 F.2d 675, 678 (2d Cir. 1989) (citing *Canfield v. Reynolds*, 631 F.2d 169, 178 (2d Cir. 1980));

3

*Cablevision Systems Corp. v. Town of East Hampton*, 862 F.Supp. 875 (E.D.N.Y. 1994), *aff'd*. 57 F.3d 1062 (2d Cir. 1995); and, 5) there are damages resulting from the breach. *Furia v. Furia*, 116 A.D.2d 694, 498 N.Y.S.2d 12 (2d Dept. 1986).

There was a contract, *viz* the Return Center Operating Agreement ("RCOA"). There was consideration. As noted, the issues concern whether there was damage, whether there was performance by Chanel, and whether there was a material breach.

Genco maintains its performance is excused because Chanel failed to perform under the RCOA in that subsequent to the theft by Genco's general manager, it did not terminate the RCOA according to its terms. Subsumed in Genco's argument is that Chanel did not provide the opportunity to Genco to cure a material breach. The Termination provision of the RCOA provides: "If there has been a material breach in performance on the part of GENCO, as reasonably determined by CHANEL, which GENCO has not corrected within thirty (30) days of notification in writing thereof, CHANEL may terminate this Agreement immediately upon written notice." *See* RCOA at Section 2(A). Also, Section 2(C) of the RCOA provides that Chanel may terminate the RCOA upon sixty (60) days written notice to Genco. (*Id.*)

Given the alleged failure to terminate in accordance with the RCOA is subsequent in time to the theft of Chanel property, that would-be failure to perform by Chanel cannot excuse Genco's prior failure to perform. Moreover, while this issue can be resolved here in favor of Chanel for this reason, it remains an issue raised by Genco's Counterclaim, and nothing in this Memorandum is intended to resolve the issue of whether termination was proper. Suffice it to say, whether it was proper or not post dated Genco's actions of alleged

4

breach for which Chanel's performance would have to be a condition precedent to any breach in order to excuse it. The lack of performance on Chanel's part asserted by Genco is subsequent to the proffered breach, the theft, and thus does not excuse it.

It is my view that the Court can decide the issue of materiality of the breach as a matter of law in the context of a motion for summary judgment. Genco cites no compelling authority for its contention that under all circumstances it must be decided as a question of fact. The proper standard is whether no reasonably jury could determine the breach was not material. The question of materiality need not be left to the trier of fact and may be decided on summary judgment where the underlying facts are not disputed and the court cannot hold, as a matter of law, that the breach is material. *U.S. for Use and Benefit of Ken's Carpets Unlimited, Inc. v. Interstate Landscaping Co., Inc.,* 37 F.3d 1500 (Table), 1994 WL 481684, at *7 (6th Cir. September 6, 1994)(citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1530 (9th Cir. 1993), *rev'd on other grounds*, 114 S.Ct. 1023 (1994)). *See also Rosenthal v. Prudential Prop. & Cas. Co.*, 928 F.2d 493 (3d Cir. 1991) (affirming district court's finding as a matter of law that party's failure to submit to examination constituted a material breach of contract); *McKinney v. Gannett Co., Inc.*, 817 F.2d 659 (10th Cir. 1987)(affirming district court's finding as a matter of law that an editorial incident constituted a material breach of the employment contract). It is clear the thefts constituted a breach, if for no other reason that the RCOA provided that Genco was responsible for "losses resulting from dishonest acts and/or negligence by it or its employees . . . ." The theft or conversion of Chanel's property in violation of the RCOA is a breach. Given that Genco's function was to accept and process the returns of Chanel products (and those with whom Chanel contracted) which involved

5

refurbishing for resale by Chanel and also the destruction of those products not fit for reconditioning, the theft of a conversion of those products and their sale at flea markets and the like was exactly what Chanel was trying to prevent by engaging Genco to do what it was to do under the contract.[1]  This breach goes to "the root" of the contract. *See Septembertide Pub., B.V. v. Stein and Day, Inc*, *supra*.  Indeed it could not be more basic for the bargain struck by the parties in the RCOA.  The Court holds the breach was material.

The issue of damage is more troubling.  Genco presents the argument that since Chanel was going to destroy the product which was converted, Chanel had no damage. Stated another way, the product had no value to Chanel because it was to be discarded. The Court, while intrigued by Genco's argument, does not agree with Genco.  It is clear that the product had a value since it was stolen.  Moreover, it was sold at flea markets by the converters. Thus, there is value. Perhaps if it were abandoned by Chanel, the Court could agree with Genco, but Chanel's agreement with Genco provided that it was to have no market, and any value that it would have had would belong to Chanel and was, by the RCOA, to be eliminated, not to provide a value benefit to others.

There is damage to Chanel, and it is probably its market value.  As to what it is however need not be decided here.  Suffice it to say, there was value and it was taken from Chanel and used to benefit someone else.  The value or measure of damages presents issue of fact which will be decided at trial.

Therefore, the Court holds as a matter of law that Genco breached the RCOA, and that the breach, the wrongful conversion of Chanel product in violation of the RCOA, was

---

[1] No one disputes Chanel wished to protect its brand by not having its product appear in the secondary market at discounted prices.

6

material.

Summary judgment on this issue will be entered in favor of Chanel.  The issue of damages, *viz* its measure and the amount will remain for trial.

An appropriate Order follows.


Date: April 26, 2007                              /s/ A. Richard Caputo
                                                                           A. Richard Caputo
                                                                           United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHANEL, INC., : | |
| : | |
| Plaintiff, : | NO: 3:04-CV-1540 |
| : | |
| v. : | (JUDGE CAPUTO) |
| : | |
| THE JUPITER GROUP, INC., d/b/a : | |
| TRIPLE A SECURITY PATROL and : | |
| now d/b/a VECTOR SECURITY : | |
| PATROL; and VECTOR SECURITY, : | |
| INC., d/b/a TRIPLE A SECURITY : | |
| PATROL, and DOES 1-10, : | |
| : | |
| Defendants and Third-Party : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| GENCO I, INC., GENCO : | |
| DISTRIBUTION SYSTEM, INC., and : | |
| RICHARD M. LIMA, : | |
| : | |
| Third-Party Defendants. : | |
| : | |
| v. : | |
| : | |
| MICHAEL J. MOFFITT, : | |
| : | |
| Additional Defendant : | |

## **ORDER**

NOW, this 26th day of April, 2007, IT IS HEREBY ORDERED that Plaintiff's Motion for Partial Summary Judgment is **GRANTED** as follows:

1. Judgment is entered in favor of Chanel and against Genco to the effect that Genco committed a material breach of the Return Center Operating Agreement when Chanel's product (and those with whom it had contracted) was converted by, and for the use of, Genco's General Manager.

    2.    The measure and amount of damages present genuine issues of material fact, and they will be decided at trial.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge